> After creating certain specific legacies, testator directed residuary estate "to be divided on a percentage basis, in proportion to the bequests of all heirs herein named." A later clause provided for abatement among legatees, and for disposition of excess among heirs therein named. Decedent was on very affectionate terms with relatives of his wife, who were legatees. The will was written by testator, who was ignorant of legal terms. *Held*, that the word "heirs" was used in a popular sense, as meaning beneficiaries under the will, and not a limitation to heirs of testator.

In the matter of the probate of the last will and testament of Abram C. Hull, deceased.  Proceedings for construction of will.

Christian Zabriskie, for petitioner.

John H. Cole, for respondent.

FITZGERALD, S.  In the probate of the will of the decedent herein the effect of the disposition of the residuary estate has been placed in issue, and the court is asked, under the provisions of section 2624 of the Code of Civil Procedure, to determine the question thus raised. The testator makes a number of pecuniary gifts to various relatives of his own and of his deceased wife's blood.  After creating certain specific legacies, the will, by the twentieth clause, directs the residuary estate "to be divided on a percentage basis in proportion to the bequests of all heirs herein named in this will and testament."  The twenty-first clause provides for a proportionate "money" abatement in the event of there being insufficient funds to pay all bequests, and the next clause contains a provision that, in the event of the estate exceeding the amount of the bequests, the balance remaining should be paid to "all heirs herein named" proportionately.  The question raised is whether the beneficiaries of the residuum are confined to such legatees as are heirs of the testator, or whether all of the legatees should not participate therein.  In testamentary construction the word "heirs" is not always given its technical meaning.  To the layman it may have, and, indeed, very often has, an entirely different signification, and whatever that signification may be it should, if possible, be given effect.  In seeking to ascertain the meaning in which the expression is used, the intention of the testator must be sought both from the context of the will and from the circumstances which surrounded the decedent.   Armstrong v. Galusha, 43 App. Div. 248, 60 N. Y. Supp. 1.   The application of this rule has resulted in the court holding that the word in question was used to designate next of kin (Lawton v. Corlies, 127 N. Y. 100, 27 N. E. 847); and it has also been held to denote legatees.   29 Am. & Eng. Enc. Law, 348. In the present case it appears that the will is holographic, that the testator was a layman, and, therefore, presumably ignorant of legal phraseology, and that the estate consists entirely of personal property.   It would also seem that the decedent was on very affectionate terms with the relatives of his wife, who are the objects of his bounty. From a careful study of the context of the will in conjunction with

these extrinsic facts, it is evident that the testator, in giving his
residuary estate to the "heirs" mentioned in the will, had in mind all
the beneficiaries whom he had made recipients of gifts of money, and
did not intend to discriminate against those who were related to his
wife. The manner in which he provides for abatement among all
of the legatees on the one hand and for the disposition of any excess
among the "heirs herein" on the other intensifies the conclusion that
his testamentary scheme was to have all of the pecuniary legatees
participate in the residue, and that the word "heirs" was used merely
in one of its popular senses, as meaning beneficiaries under a will.
Submit decree in accordance with this decision admitting the will to
probate.

Probate decreed.